- 1 -

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Greetings Tour, Inc., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Major League Soccer, LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.: 1:24-cv-01570<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. Copyright Infringement; and<br>2. Vicarious and/or Contributory Copyright Infringement<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Greetings Tour, Inc. ("Greetings Tour" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5. Plaintiff is a corporation located in California.

6. Plaintiff is informed and believes and thereon alleges that Defendant Major League Soccer ("Defendant" or "MLS"), which owns San Diego Football Club, is a Delaware Limited Liability Company, having its headquarters in New York, New York and does business in and with this District.

7. Plaintiff is informed and believes and thereon alleges that Defendants Does 1 through 10, inclusive (collectively with MLS, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-

ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S ARTWORK

9. Plaintiff is an established artist that has worked with numerous brands, companies, and communities to create colorful murals featuring local landmarks, history and culture. Plaintiff has created murals in cities across the United States including Honolulu, Anchorage, San Diego, New Orleans, Moab, Chicago, Tucson and Louisville.

10. Plaintiff owns all copyrights for the original mural depicted in **Exhibit A** attached hereto (the "Subject Mural").

11. Plaintiff is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Mural.

12. The Subject Mural is registered with the U.S. Copyright Office.

13. Prior to the acts complained of herein, the Subject Mural was published to the public and otherwise made widely available to viewers.

14. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Mural for commercial benefit by, without limitation, reproducing the Subject Mural on their official, commercial Instagram account "*@sandiegofc.*" True and correct copies and screen captures of Defendants' unauthorized uses are depicted in **Exhibit B** attached hereto ("Infringing Content"). These copies and screen captures represent non-inclusive exemplars of the Infringing Content.

15. Plaintiff has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, create derivative works of, or otherwise exploit the Subject Mural. The Defendant did not contact Plaintiff and obtain a license to use the Subject Mural before the exploitation at issue.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against all Defendants, and Each)

16. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

17. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Mural by, without limitation, viewing the Subject Mural in person or on Plaintiff's website or social media profiles. Access is further evidenced by the Subject Mural's exact reproduction in the Infringing Content.

18. Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Mural on Instagram, as depicted in **Exhibit B** hereto.

19. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyright by creating infringing derivative works from the Subject Mural and publishing same to the public for commercial benefit.

20. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Mural. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Mural in an amount to be established at trial.

22. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

23. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

24. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Mural as alleged hereinabove. Such conduct included, without limitation, publishing murals obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third parties for further publication.

25. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

26. Due to Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Mural. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Mural, in an amount to be established at trial.

28.     Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Mural, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Mural from any program, advertisement, or other publication owned, operated and controlled by any Defendant;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law;

c. That a constructive trust be entered over any revenues or proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's rights;

d. That Plaintiff recover its attorneys' fees as available under the Copyright Act U.S.C. §505 and/or §1203;

e. That Plaintiff be awarded its costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties as set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

      i.  That Plaintiff receive such legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 29, 2024

By: _____
Scott Alan Burroughs, Esq.
Mackenzie Paladino, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
mpaladino@donigerlawfirm.com
Attorneys for Plaintiff